# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT A. DAVENPORT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> Acting Commissioner of the Social ) <br> Security Administration,[1] ) <br> ) <br> Defendant. ) | Case No. CIV-11-374-JHP-SPS |

## REPORT AND RECOMMENDATION

The claimant Scott A. Davenport requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born April 5, 1971, and was thirty-nine years old at the time of the administrative hearing. (Tr. 38, 125). He completed the twelfth grade, as well as truck driver and heavy equipment vocational training, and has worked as a truck driver and maintenance worker. (Tr. 26, 168). The claimant alleges that he has been unable to work since July 31, 2009, due to a cyst on his inner groin, diabetes, and back pain. (Tr. 163).

## Procedural History

On August 10, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Michael A. Kirkpatrick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated March 7, 2011. (Tr. 18-29). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a wide range of

light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift/carry twenty pounds occasionally and ten pounds frequently, and stand/walk/sit six hours in an eight-hour workday. Additionally, the ALJ found that the claimant could perform gross manipulation with the dominant right hand frequently, but not constantly. (Tr. 22). The ALJ thus concluded that although the claimant could not return to his past work, he was nevertheless not disabled because there was work that he could perform, *e. g.*, cashier, machine operator, or assembler. (Tr. 27).

**Review**

The claimant's sole contention of error is that the Appeals Council erred by improperly rejecting new evidence from his treating physician, Dr. Steven DeLia. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly evaluate Dr. DeLia's opinion, and the decision of the Commissioner should therefore be reversed.

The record reveals that the claimant's severe impairments included right inguinal abscess status post incision and drainage, diabetes mellitus, meralgia paresthetica, hypertension, restless leg syndrome, mild degenerative disc disease of the lumbar spine, right carpal tunnel syndrome status post successful release surgery, and obesity. (Tr. 20). As relevant to this appeal, Dr. DeLia was the claimant's treating physician and treated him on a number of occasions in 2009 and 2010. (Tr. 329-354). His records indicate that he managed the claimant's prescription medications, provided follow-up after the claimant's carpal tunnel and abscess procedures, and referred the claimant to specialists for his low back pain. (Tr. 326-354).

Dr. DeLia completed a physical medical source statement on July 19, 2011, after

the ALJ issued his opinion. He noted that the claimants had the exertional limits of occasionally or frequently lifting/carrying less than ten pounds, and he could stand/walk six hours in an eight-hour workday, and sit less than six hours in an eight-hour workday while periodically alternating sitting and standing. (Tr. 411-412). Additionally, he stated that the claimant was limited in pushing and pulling as to both his upper and lower extremities; could never climb or crouch; and could only occasionally balance, kneel, or crawl; and was limited in all areas of manipulative functions. (Tr. 412-413). In support of his statement as to the claimant's limitations, Dr. DeLia made the following statement:

> Unable to [do] any pushing/pulling as well as sitting/standing [due to left] sciatica, low back pain, degenerative disc disease of low back, carpel tunnel syndrome [bilateral], muscle spasms which occur [frequently and] ↑ episodes [with] any phys exertion/exercise as this causes ↑ pain [with] poor tol, ADL's are limited and pt unable to safely & adeq perform consistent work duties [due to] above phys dx's and limitations – [history of bilateral] inguinal hernia that req. surg repair in Feb 2011, h/o and current continued significant hemorrhoids that ↑ [in] severity and bleeding [with] any phys exertion ie: lifting, carring [sic], bend over. Pt req mult pres meds that cause mental impairment but pt cannot function [with] lim ADL's [without] meds. Therefore ↑ safety risk of pt & any job requirements.

(Tr. 412).

The claimant contends that the Appeals Council failed to properly evaluate Dr. DeLia's Medical Source Statement. The Appeals Council was required to consider this evidence if it is: (i) new; (ii) material; and, (iii) "related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). Although the claimant merely contends that the Appeals Council did not properly consider this evidence, the parties do not address whether the evidence submitted by the claimant after the hearing

qualifies as new, material, and chronologically relevant, but the Appeals Council *did* consider it, and the undersigned Magistrate Judge therefore has no difficulty concluding that it does qualify.

First, evidence is new if it "is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). Dr. DeLia's opinion from the Medical Source Statement was never presented to the ALJ prior to his decision and was thus neither duplicative nor cumulative. Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96. The evidence must "reasonably [call] into question the disposition of the case." *Id. See also Lawson v. Chater*, 1996 WL 195124, at *2 (10th Cir. April 23, 1996). In finding the claimant not disabled, the ALJ relied, at least in part, on the lack of records demonstrating that the claimant had functional limitations. But Dr. Delia's Medical Source Statement indicate that the claimant's conditions, in combination, could affect his ability to perform work on a full-time basis. This evidence suggests the claimant has impairments discounted in his RFC, and it is therefore clearly material.

Finally, the evidence is chronologically relevant if it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). The claimant's date last insured (June 20, 2013) had not expired as of the date of this opinion, and is therefore chronologically relevant to the ALJ's decision. The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under

C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it, so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence for several reasons.

As he was the claimant's treating physician, the opinions expressed by Dr. DeLia about the claimant's functional limitations were entitled to controlling weight if they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). If for any reason such opinions were not entitled to controlling weight, the ALJ was required to analyze the proper weight to give them by applying "all of the factors provided in [§] 404.1527." *Id.*, *quoting Watkins*, 350 F.3d at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4. *See also Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion.") [citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995). The Government argues that Dr. DeLia's Medical Source Statement is not supported by the

record as a whole, but this is a post-hoc rationalization that the undersigned Magistrate Judge declines to adopt. *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.") [citations omitted]. Therefore, no proper analysis of Dr. DeLia's opinion has been performed.

Because the ALJ had no opportunity to perform a proper analysis of the newly-submitted evidence in accordance with the authorities cited above, the Commissioner's decision should therefore be reversed and the case remanded for further proceedings. On remand, the ALJ should re-assess the claimant's RFC in light of the new evidence, and then re-determine the work he can perform, if any, and ultimately whether he is disabled.

**Conclusion**

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 11th day of March, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma